# EXHIBIT "1"

4-25-19 2:40pm

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SAMSUNG INTERNATIONAL, INC.; CULLIGAN INTERNATIONAL COMPANY; and DOES 1 - 20, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STATE FARM GENERAL INSURANCE COMPANY

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

04/04/2019 at 03:36:40 PM

Clerk of the Superior Court
By Brook Israel, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County Superior Court

700 Civic Center Drive West
Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):*
30-2019-01061907-CU-NP-CJC

Judge Thomas A. Delaney

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Watkins & Letofsky, LLP 2900 S Harbor Blvd., Suite 240 Santa Ana, CA 92704 949-476-9400

DATE: 04/04/2019         DAVID H. YAMASAKI, Clerk of the Court        Clerk, by _Brook Israel_, Deputy
*(Fecha)*                                                             *(Secretario)*                 *(Adjunto)*
                                                                                              Brook Israel

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):* DOE 1

3. ☒ on behalf of *(specify):* Samsung Electronics America, Inc.

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* CCP 474
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT 1**

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO.: 306345 | FOR COURT USE ONLY |
|---|---|
| NAME: Juan Salas, Esq.<br>FIRM NAME: Watkins & Letofsky, LLP<br>STREET ADDRESS: 2900 S. Harbor Boulevard, Suite 240<br>CITY: Santa Ana    STATE: CA    ZIP CODE: 92704<br>TELEPHONE NO.: 949-476-9400    FAX NO.: 949-476-9407<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): Plaintiff, State Farm General Insurance Company | ELECTRONICALLY FILED<br>Superior Court of California,<br>County of Orange<br>04/19/2019<br>Clerk of the Superior Court<br>By Isia Vazquez, Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☒ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701<br>☐ Harbor- Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North - 1275 N. Berkeley Ave.; P. O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-4593 | |
| PLAINTIFF: State Farm General Insurance Company<br>DEFENDANT: Samsung International, Inc., et al. | CASE NUMBER:<br>30-2019-01061907-CU-NP-CJC |
| AMENDMENT TO ☒ COMPLAINT  ☐ CROSS-COMPLAINT | Case assigned to:<br>Judge: Thomas A. Delaney<br>Department: C24<br>Date complaint filed: 4/4/19<br>Hearing/trial date: |

**FICTITIOUS NAME UNDER SECTION 474, CODE OF CIVIL PROCEDURE (NO ORDER REQUIRED)**

I have discovered the true name of ☒ Doe 1 ☐ Roe ____ to be SAMSUNG ELECTRONICS AMERICA, INC.

The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: April 18, 2019

Juan Salas, Esq.
(TYPE OR PRINT NAME)                                                         (SIGNATURE OF PARTY OR ATTORNEY)

**INCORRECT NAME UNDER SECTION 473, CODE OF CIVIL PROCEDURE (ORDER REQUIRED)**

The complaint/cross-complaint incorrectly named the defendant/cross-defendant as _____

I have discovered the true name of the party to be _____

I request the complaint/cross-complaint be amended to reflect the true name wherever it appears in the pleading.

Date: _____

(TYPE OR PRINT NAME)                                                         (SIGNATURE OF PARTY OR ATTORNEY)

**ORDER**

The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: _____                                                           _____
                                                                              JUDICIAL OFFICER

Approved for Optional Use
L-0132 (Rev. March 2019)          **AMENDMENT TO COMPLAINT/CROSS-COMPLAINT**           Code of Civil Procedure,
                                                                                        §§ 473, 474

For your protection and privacy, please press the
CLEAR THIS FORM button after you have
printed the form.

**EXHIBIT 1**

Juan Salas, Esq. (SBN 306345)
WATKINS & LETOFSKY, LLP
2900 S Harbor Blvd., Suite 240
Santa Ana, CA 92704
Office: (949) 476-9400; Fax: (949) 476-9407
Attorney for Plaintiff, STATE FARM
GENERAL INSURANCE COMPANY

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

04/04/2019 at 03:36:40 PM

Clerk of the Superior Court
By Brook Israel, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG INTERNATIONAL, INC.; CULLIGAN INTERNATIONAL COMPANY; and DOES 1 - 20, Inclusive,<br><br>Defendants. | Case No.: 30-2019-01061907-CU-NP-CJC<br>Assigned for all Purposes to Dept.<br>The Honorable<br>[Unlimited Civil Case]<br><br>**COMPLAINT FOR DAMAGES**<br>1. Negligence<br>2. Strict Products Liability<br>3. Breach of Implied Warranties<br><br>TRIAL DATE: Not Yet Assigned<br><br>Judge Thomas A. Delaney |

COMES NOW PLAINTIFF, STATE FARM GENERAL INSURANCE COMPANY ("Plaintiff"), who is informed and believes and thereon alleges against the Defendants and Does 1-20, Inclusive, and each of them as follows:

1. Plaintiff is a corporation organized and existing under the laws of the State of California, and is and was at all times mentioned herein, qualified to do business in the State of California.

1

COMPLAINT FOR DAMAGES

STF.3204

EXHIBIT 1

2. Defendant, SAMSUNG INTERNATIONAL, INC., is a corporation with its headquarters in the State of New Jersey, and is and was at all times mentioned herein, qualified to do business in the State of California.

3. Defendant, CULLIGAN INTERNATIONAL COMPANY, is a corporation located in the State of Illinois, and is and was at all times mentioned herein, qualified to do business in the State of California.

4. Plaintiff, STATE FARM GENERAL INSURANCE COMPANY, alleges that this is the proper court because the transaction and occurrence ("the incident") took place at 1292 E South Street, Anaheim, California 92805.

5. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1-20, Inclusive, and therefore sues these defendants by fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the fictitiously named defendants is negligently or otherwise responsible in some manner, along with the named defendants, for the occurrences herein alleged, and Plaintiff's damages as herein alleged were legally and proximately caused by that negligence or other wrongful acts and/or omissions and the negligence or other acts and/or omissions of both the named and fictitiously named defendants.

6. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, the defendants named in this action, as well as the fictitiously named defendants, and each of them, were agents and employees of the remaining defendants, and in doing the things hereinafter complained of, were acting within the course and scope of such agency and/or employment and with the knowledge and consent of the remaining defendants.

7. On or about May 2, 2018, a water loss occurred at 1292 E South Street, Anaheim, California, the home of Plaintiff's insured, Kairbek Shakman, causing significant property damage. The insured's Samsung brand French door refrigerator, model RF4287HARS and serial number 102043CZ400453R (manufactured April, 2010) leaked water into the kitchen

COMPLAINT FOR DAMAGES

STF.3204

EXHIBIT 1

and surrounding areas when the filter in the refrigerator burst. The filter is a Culligan brand, model CW-S2, with a marking of "F12117H." The filter is intended to replace the Samsung brand refrigerator filters. The insured purchased the refrigerator in February of 2014 and had replaced the water filter about one month before a trip abroad in March of 2018. The insured returned from the trip in late April and about two days later the failure occurred. Plaintiff's expert engineer non-destructively examined the subject water filter, constructed of a plastic casing and an inner filter media intended to remove tastes and odors from potable water. The filter contains a fracture that bifurcates at multiple locations. The fracture separated the top portion of the filter and this separated portion was received attached to its head assembly. The failure pattern is consistent with freezing and no sign of impact that would have contributed to the failure was found. This style of filter is typically installed in an area that would be protected from direct impact by a plastic cover. During failure, as the crack driving force increases and the crack velocity is sufficiently high, a single crack front begins to split up into many smaller crack fronts. These continue to propagate and diverge outward alongside each other but at slightly different crack angles. The likelihood of crack bifurcation increases with the magnitude of the applied forces and depend on the toughness of the material. Therefore, the bifurcation of the fracture indicates a high stress with a rapidly propagating fracture or a low material toughness.

8. The subject filter model is intended to be installed in the refrigeration compartment of the refrigerator. Numerous refrigerator filters displaying a similar fracture pattern consistent with freezing have been previously received by the engineer. In other filters received with a similar failure mode, the filters failed due to freezing and the freezing of the filters has been caused by a refrigerator malfunction. In some cases the thermostat that controls the opening and closing of the damper fails to function properly and the filter is subjected to freezing conditions. In other cases the damper door itself fails and no longer blocks the entry of cold air into the refrigerator compartment. One website lists replacement of multiple temperature controlling parts as the solution to a "Refrigerator freezing food" malfunction for

an exemplar Samsung brand refrigerator. Additionally, the insured stated that food in the back of the subject refrigerator was freezing at times.

9. Plaintiff, STATE FARM GENERAL INSURANCE COMPANY, is informed and believes, and thereon alleges, that the water that leaked into Plaintiff's insured's property originated from the subject Samsung refrigerator, Culligan water filter and/or their component parts, that were manufactured, designed, distributed, inspected, supplied and/or sold by Defendants, SAMSUNG INTERNATIONAL, INC., CULLIGAN INTERNATIONAL COMPANY, and DOES 1-20, inclusive.

## FIRST CAUSE OF ACTION FOR NEGLIGENCE

### [Against All Defendants]

10. Plaintiff incorporates by reference paragraphs 1 through 9 as though fully set forth herein.

11. Defendants, SAMSUNG INTERNATIONAL, INC., CULLIGAN INTERNATIONAL COMPANY, and DOES 1-20, inclusive, had a duty to use reasonable care with respect to the manufacture, design, distribution, inspection, supply and/or sale of the subject refrigerator, water filter and/or their component parts.

12. Defendants, SAMSUNG INTERNATIONAL, INC., CULLIGAN INTERNATIONAL COMPANY, and DOES 1-20, inclusive, negligently manufactured, designed, distributed, inspected, supplied and/or sold the subject refrigerator, water filter and/or their component parts and/or negligently failed to issue adequate instruction or warnings regarding the subject refrigerator, water filter and/or their component parts, such that the subject refrigerator, water filter and/or their component parts left Defendants' possession or control in a defective condition, with manufacturing and/or design defects and/or insufficient instruction or warning of safety hazards and/or installation instructions of the subject refrigerator, water filter and/or their component parts. A manufacturer, designer, distributer, inspector, supplier and/or seller is negligent if it fails to use the amount of care in manufacturing, designing, distributing, inspecting, supplying and/or selling the product that a reasonably careful manufacturer, designer, distributer,

inspector, supplier and/or seller would use in similar circumstances to avoid exposing others to a foreseeable risk of harm. In determining whether Defendants used reasonable care, a trier of fact shall balance what Defendants knew or should have known about the likelihood and severity of potential harm from the product against the burden of taking safety measures to reduce or avoid the harm.

13. The afore-described acts and/or omissions on the part of Defendants and each of them caused water to leak and escape inside the insured's property from the subject refrigerator, water filter and/or their component parts, and to flood Plaintiff's insured's property on or about May 2, 2018, and harmed Plaintiff's insured and Plaintiff.

14. The afore-described acts and/or omissions of Defendants and each of them were the legal and proximate cause of damages to Plaintiff's insured and to Plaintiff.

15. The acts and/or omissions of Defendants and each of them were a substantial factor in causing harm to Plaintiff's insured and to Plaintiff.

16. As a result of the negligence of Defendants and each of them, Plaintiff's insured sustained at least $87,921.90 in damages. Plaintiff paid to or on behalf of its insured the amount of $87,921.90, to date, and further monetary damages are expected and will be according to proof at trial. This sum includes Plaintiff's insured's $1,456.00 deductible, which is recoverable by Plaintiff under the respective policy of insurance. Plaintiff, STATE FARM GENERAL INSURANCE COMPANY, fulfilled its obligations pursuant to the insurance agreement between Plaintiff and Plaintiff's insured, for the property damage losses. Plaintiff, STATE FARM GENERAL INSURANCE COMPANY, now seeks recovery, by way of a subrogation claim, for the indemnity and other damages Plaintiff paid to or on behalf of its insured in the approximate amount of $87,921.90, and pending, plus other miscellaneous damages, costs, and pre-judgment interest from the date of loss, according to proof at trial.

## SECOND CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY
### [Against all Defendants]

17. Plaintiff incorporates by reference paragraphs 1 through 16 as though fully set forth

5

herein.

18. Defendants, SAMSUNG INTERNATIONAL, INC., CULLIGAN INTERNATIONAL COMPANY, and DOES 1-20, inclusive, manufactured, designed, distributed, inspected, supplied and/or sold the subject refrigerator, water filter and/or their component parts such that the product contained manufacturing defects, insufficient instructions and/or warnings of potential safety hazards and/or design defects when the products left said Defendants' possession or control.

19. The subject refrigerator, water filter and/or their component parts contained a manufacturing defect (a product contains a manufacturing defect if the product differs from the manufacturer's design or specifications or from other typical units of the same product line) and/or design defect (Consumer Expectation Test - that the subject refrigerator and/or water filter did not perform as safely as an ordinary consumer would have expected them to perform when used or misused in an intended or reasonably foreseeable way) or (Risk Benefit Test – once Plaintiff proves all of the following: 1. That Defendants manufactured/distributed/sold the product; 2. That Plaintiff was harmed; and 3. That the [product]'s design was a substantial factor in causing harm to Plaintiff then Plaintiff prevails unless Defendants prove that the benefits of the product's design outweigh the risks of the design considering (a) The gravity of the potential harm resulting from the use of the product; (b) The likelihood that this harm would occur; (c) The feasibility of an alternative safer design at the time of manufacture; (d) The cost of an alternative design; and (e) The disadvantages of an alternative design; and (f) Other relevant factors) when it left the possession of Defendants, SAMSUNG INTERNATIONAL, INC., CULLIGAN INTERNATIONAL COMPANY, and DOES 1-20, inclusive, and failed to issue adequate instructions or warnings regarding the subject refrigerator, water filter and/or their component parts (1. That Defendants manufactured/distributed/sold the product; 2. That the product had potential risks that were known or knowable in light of the scientific knowledge that was generally accepted in the scientific community at the time of manufacture/distribution/sale; 3. That the potential risks presented a substantial danger when the product is used or misused in an intended or reasonably

COMPLAINT FOR DAMAGES

STF.3204

**EXHIBIT 1**

foreseeable way; 4. That ordinary consumers would not have recognized the potential risks; 5. That Defendants failed to adequately warn or instruct of the potential risks; 6. That Plaintiff was harmed; and 7. That the lack of sufficient instructions or warnings was a substantial factor in causing Plaintiff's harm).

20. Plaintiff's insured became the user of the defective product.

21. At the time of the incident described herein, the product was being used in the manner intended by Defendants and/or in a reasonably foreseeable manner and/or misused in a reasonably foreseeable manner.

22. The afore-described acts and/or omissions on the part of Defendants and each of them caused water to leak and escape inside Plaintiff's insured's home from the subject refrigerator, water filter and/or their component parts, and to damage Plaintiff's insured's property on or about May 2, 2018, and harmed Plaintiff's insured and Plaintiff.

23. The afore-described defective refrigerator, water filter and/or their component parts were the legal and proximate cause of damages to Plaintiff's insured and to Plaintiff.

24. The acts and/or omissions of Defendants and each of them were a substantial factor in causing harm to Plaintiff's insured and to Plaintiff.

25. As a result of the manufacture, design, distribution, inspection, supply and/or sale of the subject refrigerator, water filter and/or their component parts by Defendants, SAMSUNG INTERNATIONAL, INC., CULLIGAN INTERNATIONAL COMPANY, and DOES 1-20, inclusive, with manufacturing, inadequate warnings, and/or design defects, Plaintiff's insured sustained approximately $87,921.90, and pending, in damages for repairs, restoration and/or replacement of property. Plaintiff, STATE FARM GENERAL INSURANCE COMPANY, fulfilled its obligations pursuant to the insurance agreement between Plaintiff and its insured and reimbursed Plaintiff's insured for all losses. Plaintiff, STATE FARM GENERAL INSURANCE COMPANY, now seeks recovery, by way of a subrogation claim, for the indemnity and other damages Plaintiff paid to or on behalf of its insured in the approximate amount of $87,921.90, and pending, plus other miscellaneous damages, costs, and pre-judgment interest from the date of loss,

according to proof at trial.

## THIRD CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTIES

### [Against all Defendants]

26. Plaintiff incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27. Defendants, SAMSUNG INTERNATIONAL, INC., CULLIGAN INTERNATIONAL COMPANY, and DOES 1-20, inclusive, manufactured, designed, distributed, inspected, supplied and/or sold the subject refrigerator, water filter and/or their component parts such that the product contained manufacturing defects, insufficient instructions and/or warnings of potential safety hazards and/or design defects when the product left said Defendants' possession or control.

28. As a result, Defendants, SAMSUNG INTERNATIONAL, INC., CULLIGAN INTERNATIONAL COMPANY, and DOES 1-20, inclusive, breached the implied warranty of merchantability. The subject refrigerator and water filter were installed at Plaintiff's insured's property, and at the time, Defendants, SAMSUNG INTERNATIONAL, INC., CULLIGAN INTERNATIONAL COMPANY, and DOES 1-20, inclusive, were in the business of selling these goods and/or held itself out as having special knowledge or skill regarding these goods; the subject refrigerator, water filter and/or their component parts were not of the same quality as those generally acceptable in the trade; and/or was not fit for the ordinary purposes for which such goods are used.

29. As a result, Defendants, SAMSUNG INTERNATIONAL, INC., CULLIGAN INTERNATIONAL COMPANY, and DOES 1-20, inclusive, breached the Implied Warranty of Fitness for a Particular purpose. The subject refrigerator, water filter and/or their component parts were installed at Plaintiff's insured's property, and at the time, Defendants, SAMSUNG INTERNATIONAL, INC., CULLIGAN INTERNATIONAL COMPANY, and DOES 1-20, inclusive, knew or had reason to know that consumers intended to use the subject refrigerator, water filter and/or their component parts for a particular purpose and were relying on the skill and

judgment of Defendants, SAMSUNG INTERNATIONAL, INC., CULLIGAN INTERNATIONAL COMPANY, and DOES 1-20, inclusive, to furnish a refrigerator and water filter suitable for the particular purpose; and Plaintiff's insured justifiably relied on Defendants, SAMSUNG INTERNATIONAL, INC., CULLIGAN INTERNATIONAL COMPANY, and DOES 1-20, inclusive, skill and judgment and that the subject refrigerator, water filter and/or their component parts were not suitable for the particular purpose when one or both components failed and caused a water loss and extensive property damage.

30. The afore-described acts and/or omissions on the part of Defendants and each of them caused water to leak and escape inside Plaintiff's insured's home from the subject refrigerator, water filter and/or their component parts and to damage Plaintiff's insured's property on or about May 2, 2018, and harmed Plaintiff's insured and Plaintiff.

31. The afore-described defective refrigerator, water filter and/or their component parts were the legal and proximate cause of damages to Plaintiff's insured and to Plaintiff.

32. The acts and/or omissions of Defendants and each of them were a substantial factor in causing harm to Plaintiff's insured and to Plaintiff.

33. As a result of the breach of the implied warranties of merchantability and of fitness for a particular purpose of the subject refrigerator, water filter and/or their component parts by Defendants, SAMSUNG INTERNATIONAL, INC., CULLIGAN INTERNATIONAL COMPANY and DOES 1-20, inclusive, Plaintiff's insured sustained approximately $87,921.90, and pending, in damages for repairs, restoration and/or replacement of property. Plaintiff, STATE FARM GENERAL INSURANCE COMPANY, fulfilled its obligations pursuant to the insurance agreement between Plaintiff and its insured and reimbursed Plaintiff's insured for all losses. Plaintiff, STATE FARM GENERAL INSURANCE COMPANY, now seeks recovery, by way of a subrogation claim, for the indemnity and other damages Plaintiff paid to or on behalf of its insured in the approximate amount of $87,921.90, and pending, plus other miscellaneous damages, costs, and pre-judgment interest from the date of loss, according to proof at trial.

///

9

COMPLAINT FOR DAMAGES

STF.3204

EXHIBIT 1

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against Defendants, SAMSUNG INTERNATIONAL, INC., CULLIGAN INTERNATIONAL COMPANY, and DOES 1-20, inclusive, and each of them, as follows:

1. All damages Plaintiff paid to or on behalf of its insured in the amount of $87,921.90, continuing and according to proof;

2. For costs of suit incurred by Plaintiff herein;

3. For pre-judgment interest according to proof at trial;

4. For any and all such relief as the court may deem just and proper.

DATED: April ___, 2019

Respectfully Submitted,

WATKINS & LETOFSKY, LLP.

By: _____
JUAN SALAS
Attorney for Plaintiff,
STATE FARM GENERAL
INSURANCE COMPANY

STF.3204-STF v. Samsung International, Inc.; Culligan International Company\Complaint.doc

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Juan Salas, Esq. (SBN 306345)<br>Watkins & Letofsky, LLP<br>2900 S Harbor Blvd., Suite 240<br>Santa Ana, CA 92704<br>TELEPHONE NO.: 949-476-9400  FAX NO.: 949-476-9407<br>ATTORNEY FOR (Name): Plaintiff, State Farm General Insurance Company | ELECTRONICALLY FILED<br>Superior Court of California,<br>County of Orange<br>04/04/2019 at 03:36:40 PM<br>Clerk of the Superior Court<br>By Brook Israel, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

CASE NAME:
STATE FARM vs. SAMSUNG INTERNATIONAL, INC., ET AL.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 30-2019-01061907-CU-NP-CJC |
|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Thomas A. Delaney<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)
   
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)
   
   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [✓] Other non-PI/PD/WD tort (35)
   
   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)
   
   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)
   
   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)
   
   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)
   
   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)
   
   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
   
   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)
   
   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint (not specified above) (42)
   
   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action (specify): Three - Negligence, Strict Products Liability, Breach of Implied Warranties
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April ___, 2019

Juan Salas, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**EXHIBIT 1**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**EXHIBIT 1**